UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT PETCOVE and JILL PETCOVE,<br><br>Plaintiffs,<br>v.<br><br>PUBLIC SERVICE ELECTRIC & GAS, and AIG PROPERTY CASUALTY COMPANY<br><br>Defendants. | OPINION<br>Civ. No. 18-9709-WHW-CLW |

**Walls, Senior District Judge**

In this breach of contract action, Defendant AIG Property Casualty Company ("AIG") moves to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 19. Plaintiffs Robert Petcove and Jill Petcove (collectively, "Plaintiffs") oppose. ECF No. 23.[1] Decided without oral argument under Federal Rule of Civil Procedure 78, the motion to dismiss is denied.

## FACTUAL BACKGROUND[2]

Plaintiffs are husband and wife who previously lived at 23 Furlong Drive, Cherry Hill, New Jersey (the "Property"). Compl. ¶ 1. At all times relevant to this action, AIG insured the Property against damage under an insurance policy with Plaintiffs (the "Policy"). *Id.* ¶ 8; *see also* ECF No. 19-4.

Plaintiffs moved to Florida around July 1, 2017, but Mr. Petcove continued visiting the Property every few weeks. Compl. ¶¶ 9, 12. Plaintiffs' relatives lived on the Property from July

---

[1] The Court notes that Plaintiffs did not timely file their opposition to AIG's motion. ECF No. 23. Nor did AIG timely file its reply brief. ECF No. 24.
[2] Unless stated otherwise, all facts are drawn from Plaintiffs' Complaint ("Compl."), ECF No. 1. These facts are taken as true for the purpose of the Defendants' motion. *See Cuevas v. Wells Fargo Bank, N.A.*, 643 F. App'x 124, 125-26 (3d Cir. 2016) (quoting *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009)) ("[I]n deciding a motion to dismiss, all well-pleaded allegations . . . must be taken as true and interpreted in the light most favorable to the plaintiffs, and all inferences must be drawn in favor of them.").

through mid-November 2017. *Id.* ¶ 12. After mid-November, Plaintiffs' friends, family, and workers checked on the Property occasionally. *Id.* ¶ 14. Plaintiffs listed the Property for sale in November 2017. *Id.* ¶ 13.

On January 3, 2018, Plaintiffs' realtor visited the Property and told Mr. Petcove that the Property was cold. *Id.* ¶ 16. Defendant Public Service Electric & Gas ("PSE&G"), which had provided electric service to the Property, advised Mr. Petcove that same day that it had discontinued electric service on December 5, 2017 due to non-payment. *Id.* ¶ 18. Mr. Petcove alleges that he never received any billing statements from PSE&G despite having notified the U.S. Postal Service of his new address in Florida. *Id.* ¶¶ 10, 19. After Mr. Petcove went online and paid the outstanding charges, PSE&G reactivated electricity at the Property at approximately 1:00pm on January 5, 2018. *Id.* ¶¶ 20, 24-25.

Later that evening, Plaintiffs' friend checked on the Property and noticed water throughout the house. *Id.* ¶ 26. Plaintiffs explain that, on or about that same day, frozen pipes burst and damaged the Property. *Id.* ¶¶ 27, 28.

Plaintiffs sought coverage for the damage from AIG under their Policy. *Id.* ¶ 29. AIG refused to provide coverage on the grounds that Plaintiffs failed "to exercise 'reasonable care' to properly maintain heat at the premises." *Id.* ¶ 31; ECF No. 19-3 at 1.[3] Plaintiffs disagree, arguing that they "took all reasonable steps to maintain heat in the Property." Comp. ¶ 32; *see also* ECF No. 23-1 at 5-11.

Plaintiffs sued AIG to enforce the parties' Policy, and also sued PSE&G for "the cost to repair and/or replace the damage to the Property" because PSE&G "did not send bills for

---

[3] In the course of AIG's investigation, it conducted an Examination Under Oath of Mr. Petcove. ECF No. 19 at 6; ECF No. 19-5.

service" or "advise [Plaintiffs] that the shut off was to occur[.]" *Id.* ¶¶ 32-34. Plaintiffs assert claims for:

(i)  breach of contract against AIG (Count 1);

(ii) breach of contract against PSE&G (Count 2); and

(iii) negligence against PSE&G (Count 3).

*Id.* ¶¶ 36-48. AIG moves to dismiss Count 1. ECF No. 19.

## STANDARD OF REVIEW

Rule 12(b)(6) allows for dismissal where the non-moving party fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679.

In assessing a plaintiff's claims, a district court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint. *See Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003); Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1357 (3d ed. 2004). "A 'document integral

3

to or explicitly relied on in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)).

## DISCUSSION

### 1. The Court Will Not Consider Robert Petcove's Examination Under Oath.

AIG's motion relies in large part on Mr. Petcove's testimony from an Examination Under Oath ("EUO") taken during AIG's investigation of Plaintiffs' insurance claim. *See, e.g.*, ECF No. 19 at 6-10 (citing ECF No. 19-5). AIG attaches Mr. Petcove's testimony to its motion, ECF No. 19-5, but does not attempt to explain why the Court can consider this document at the 12(b)(6) phase. Nor does either party argue that AIG's motion to dismiss should be converted to a summary judgment motion. Notwithstanding the fact that both parties cite Mr. Petcove's EUO in their briefs, *see* ECF Nos. 19, 23-1, the Court will not consider it at this time.

The Court cannot accept an EUO in deciding a Rule 12(b)(6) motion. Indeed, the Federal Rules of Civil Procedure limit the materials a Court may consider at this stage. When ruling on a motion to dismiss, courts may consider only the complaint, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing Wright & Miller, Fed. Prac. & Proc. Civ. § 1357 (3d ed. 2004 and Supp. 2007)). Courts may take judicial notice of "matters of public record," such as a judicial decision, *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007), or an address, *Eteam, Inc v. Hilton Worldwide Holdings, Inc.*, No. 15-5057 (WHW)(CLW), 2016 WL 54676, at *2 (D.N.J. Jan. 5, 2016); and of "matters of common knowledge," such as basic economic conditions, *Ohio Bell Tel. Co. v. Pub. Utilities Comm'n of*

*Ohio*, 301 U.S. 292, 301 (1937), or the historical events of a Senator's political career, *United States v. Menendez*, 109 F. Supp. 3d 720, 726 (D.N.J. 2015). A document is incorporated by reference into a complaint if it is "integral" to the complaint or if the complaint is "based" on that document. *Schmidt v. Skolas*, 770 F.3d 241, 249-50 (3d Cir. 2014). Mr. Petcove's EUO falls into neither of these categories. The Complaint is not "based" on the EUO, nor is it a matter of public record or general knowledge. Rather, it is an extraneous document produced in the course of a private dispute between AIG and Plaintiffs. The EUO cannot be considered in deciding AIG's motion to dismiss.

The Court may only consider Mr. Petcove's EUO if it converts AIG's 12(b)(6) motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); Wright & Miller, Fed. Prac. & Proc. Civ. § 1366 (3d ed.) ("Once the district court decides to accept matters outside of the pleadings, . . . the judge must convert the motion to dismiss into one for summary judgment[.]"). This court has complete discretion to accept such materials beyond the pleadings. *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 905 n.3 (3rd Cir. 1997). But a "court should not convert a motion . . . when little or no discovery has occurred," *Kurdyla v. Pinkerton Sec.*, 197 F.R.D. 128, 131 (D.N.J. 2000), which is the case here.

The only other federal court to consider converting a motion to dismiss into a summary judgment motion based solely on the submission of an EOU agrees. In *Cont'l Ins. Co. v. Muradyan*, the court "decline[d] Plaintiff's suggestion that it review Defendant's Examination Under Oath testimony, thereby converting Plaintiff's motion into a motion for summary judgment—prior even to the mandatory scheduling conference." No. CV 03-351 NM (EX),

2003 WL 22096119, at *4 (C.D. Cal. June 4, 2003). For the same reasons, this Court will not convert AIG's motion into one for summary judgment or consider Mr. Petcove's EUO.

### 2. Plaintiffs Have Stated a Claim for Breach of Contract Against AIG.

AIG moves to dismiss Plaintiffs' breach of contract claim on the grounds that Plaintiffs "failed to use reasonable means to maintain heat at the [P]roperty." ECF No. 19 at 11. The elements of a breach of contract claim are "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007).

These four elements are satisfied. According to the Complaint, the Policy is a valid contract between Plaintiffs and AIG. Compl. ¶¶ 7, 37. Plaintiffs allege that AIG has breached that contract by failing to provide full coverage for Plaintiffs' property damage. *Id.* ¶¶ 31-33, 39-40. Plaintiffs also claim damages in the form of uncovered losses. *Id.* ¶¶ 28, 31, 35. Finally, Plaintiffs allege that they "performed all of their duties under the Policy." *Id.* ¶ 37. Plaintiffs have adequately alleged all four elements of their breach of contract claim.

AIG's only contention to the contrary is that Plaintiffs "failed to use reasonable means to maintain heat at the [P]roperty." ECF No. 19 at 11. AIG points to one of the "Conditions" of the Policy, which reads,

> [Plaintiffs] must use reasonable care to maintain heat in [their] residence or shut off and drain the water system or appliances if the home is vacant, unoccupied or being constructed. [AIG] do[es] not cover any loss caused by water freezing in a plumbing, heating, or air conditioning system or household appliance if reasonable care has not been exercised.

ECF No. 19 Ex. C Part IV(H). AIG does not connect the alleged provision to satisfy this condition to an element of Plaintiffs' claim, but they seem to be arguing that Plaintiffs did not perform their own contractual obligations under the Policy.

Assessing AIG's contention involves resolving a factual issue: whether Plaintiffs adequately maintained heat on the Property. The Court cannot reach this factual question at this stage. For the purposes of AIG's motion to dismiss, the Court must take all of Plaintiffs' factual allegations as true. *McTernan*, 577 F.3d at 526. Plaintiffs have plausibly alleged that they satisfied their contractual obligations, Compl. ¶ 37, and the Court need look no further.

AIG's cited cases are not to the contrary. AIG does not reference any in-Circuit decision in which a court granted a motion to dismiss on the grounds that the insured failed to exercise reasonable care.

*Dooley v. Scottsdale Ins. Co.*, No. CIV.A. 12-1838 JEI/K, 2015 WL 685811 (D.N.J. Feb. 18, 2015), AIG's only New Jersey decision, is wholly inapposite. First, as AIG acknowledges, *Dooley* did not involve a motion to dismiss but instead an insurer's motion for summary judgment—following both fact and expert discovery. *Id.* at *7-9. And the *Dooley* court denied the insurer's motion for summary judgment on the breach of contract claim. *Id.* at *7-8.[4]

*Pazianas v. Allstate Ins. Co.*, No. CV 16-2018, 2016 WL 3878185 (E.D. Pa. July 18, 2016) is similarly unpersuasive. The insurance company filed an EUO (and several other extraneous exhibits) along with its motion for judgment on the pleadings, which the court converted to a motion for summary judgment. *Id.* at *1-2. After considering the EUO—in which the insured admitted to failing to take any precautions to ensure that his thermostat battery would not run out and did not arrange for anyone to check on his residence during his absence— the court granted summary judgment to the insurer. *Id.* at *5. This Court has already excluded the proffered EUO, and Plaintiffs here—taking the allegations in their Complaint as true—

---

[4] AIG states that *Dooley* "granted summary judgment in favor of the insurer." ECF No. 19 at 12. This is technically true, as the court granted summary judgment to the insurer on the insured's bad faith claim. *Dooley*, 2015 WL 685811 at * 8. But the court denied summary judgment on the insured's breach of contract claim, *id.* at *7-8—the same type of claim Plaintiffs bring here.

**NOT FOR PUBLICATION**

showed significantly more care than the insured in *Pazianas*. Likewise in *Jugan v. Econ. Premier Assurance Co.*, where the court granted summary judgment to the insurer following extensive fact and expert discovery. No. CV 15-4272, 2016 WL 3632724, at *7 (E.D. Pa. July 7, 2016), *aff'd sub nom. Jugan v. Econ. Premier Assurance Co.*, 728 F. App'x 86 (3d Cir. 2018).

AIG finally cites a litany of state court cases—none from New Jersey—and one District of Minnesota decision for the propositions that an insured landowner need only have "notice of nonpayment" and must take "affirmative steps" to maintain heat in a residence. ECF No. 19 at 14-15. AIG argues that these cases demonstrate that Plaintiffs did not take reasonable steps to maintain heat at the Property. *Id.* Whether Plaintiffs exercised reasonable care may ultimately be a question for summary judgment.[5] But, given the allegations in Plaintiffs' Complaint, it is inappropriate for resolution on a motion to dismiss.

## CONCLUSION

AIG's motion to dismiss (ECF No. 19) is denied. An appropriate order follows.

DATE:
8 Jny 2019

William H. Walls
Senior United States District Court Judge

---

[5] Indeed, AIG acknowledges that its District of Minnesota case was decided on summary judgment. ECF No. 19 at 15 (discussing *Elkin v. State Farm Ins. Co.*, No. CIV. 11-3652 PAM/JJG, 2013 WL 3340126 (D. Minn. July 2, 2013)).